MARILYN B. COWHEY, Plaintiff-Appellant, v. BERNARD OSTROWSKY, Defendant-Appellee.

First District (3rd Division)   No. 1—90—0311

Opinion filed December 11, 1991.—Rehearing denied January 14, 1992.

William C. Coughlin, of Chicago, for appellant.

Bernard Ostrowsky, of Chicago, appellee *pro se.*

JUSTICE RIZZI delivered the opinion of the court:
Plaintiff Marilyn B. Cowhey brought this legal malpractice, misrepresentation and breach of contract action against defendant Bernard Ostrowsky, her former attorney. Following Ostrowsky's failure to file an appearance or answer the complaint, the trial court entered an order finding Ostrowsky in default. Subsequently, a default judgment was entered against Ostrowsky and in favor of plaintiff in the amount of $150,000. Ostrowsky filed a motion to vacate the judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401), and the trial court entered an order vacating the default judgment. On appeal, plaintiff contends that the trial court abused its discretion when it entered an order vacating the default judgment because Ostrowsky failed to prove by a preponderance of the evidence that he had a meritorious defense or that the entry of judgment was not due to his own lack of diligence. We reverse.

On or about November 15, 1980, plaintiff was involved in an automobile accident with Frank S. Sladek in Lyons, Illinois. On or about June 1, 1981, plaintiff retained Ostrowsky to prosecute a lawsuit against Sladek for the personal injuries she sustained in the collision. On or about November 15, 1982, Ostrowsky filed a complaint against Sladek on plaintiff's behalf in the circuit court of Cook County. During the prosecution of this action, Ostrowsky failed to respond to oppos-

ing counsel's discovery requests, and on August 23, 1983, the court entered an order dismissing plaintiff's lawsuit against Sladek with prejudice because of Ostrowsky's failure to respond to discovery orders or comply with applicable discovery rules. Ostrowsky never attempted to vacate the dismissal order.

Periodically throughout the next five years, plaintiff made inquiry to Ostrowsky about the progress and status of her lawsuit against Sladek. Ostrowsky concealed the fact that plaintiff's action against Sladek had been dismissed, repeatedly assuring plaintiff that her case was proceeding in a satisfactory manner. On September 9, 1988, plaintiff contacted the clerk of the circuit court to determine the status of her lawsuit. The clerk informed her that her case against Sladek had been dismissed in 1983.

Plaintiff retained another attorney to prosecute an action against Ostrowsky for legal malpractice, misrepresentation and breach of contract in connection with his handling of plaintiff's lawsuit against Sladek. Plaintiff filed a complaint against Ostrowsky, and he failed to appear or answer the complaint. On May 25, 1989, the trial court entered an order finding Ostrowsky in default, and on June 23, 1989, entered a default judgment against him and in favor of plaintiff in the amount of $150,000. On September 28, 1989, Ostrowsky filed a motion to vacate the judgment pursuant to section 2—1401 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) On January 11, 1990, the trial court entered an order vacating the default judgment and returning the matter for a trial on the merits. It is from this order that plaintiff appeals.

■ In order to establish a legally sufficient petition under section 2—1401 of the Code of Civil Procedure, a petitioner must allege (1) the existence of a meritorious defense or claim; and (2) entry of the judgment must not have been the result of petitioner's lack of diligence. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401; *Demos v. National Bank of Greece* (1991), 209 Ill. App. 3d 655, 666, 567 N.E.2d 1083, 1091.) In order to prevail on a section 2—1401 petition to vacate a default judgment, the petitioner must show that through no fault or negligence of his own, the failure to defend against the lawsuit was the result of an excusable mistake and that under the circumstances he acted reasonably, not negligently, when he failed to initially resist the judgment. *Salazar v. Wiley Sanders Trucking Co.* (1991), 216 Ill. App. 3d 863, 871, 576 N.E.2d 552, 557; *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 222, 499 N.E.2d 1381, 1387.

■ It is clear in the present case that Ostrowsky has failed to prove that the entry of default judgment against him was due to no

fault or negligence of his own. He has failed to demonstrate that his failure to defend the lawsuit was due to an excusable mistake rather than negligence, that he acted reasonably under the circumstances, and that his failure to bring a valid defense before the court was due to no fault of his own. Moreover, the record reflects that Ostrowsky has failed to exercise diligence in presenting his defense to the trial court in the underlying action and in filing his section 2—1401 petition to vacate the judgment. We, therefore, conclude that the trial court abused its discretion when it entered an order vacating the default judgment.

Accordingly, the order of the circuit court vacating the default judgment against Ostrowsky is reversed.

Reversed.

TULLY and GREIMAN, JJ., concur.